UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|   |   |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE NATIONAL COURT OF FIRST INSTANCE IN CIVIL MATTERS NO. 100 IN BUENOS AIRES, ARGENTINA IN THE MATTER OF GENOVEVA DEL CARMEN SOBRE RODRIGUEZ | Case No. _____ |

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)

The United States of America, by and through counsel, submits this Memorandum of

Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a

---

[1] While pleadings pursuant to 28 U.S.C. § 1782(a) are generally filed *ex parte*, they do not need to be filed under seal; thus, we have declined to file these documents *ex parte* to ensure that they are available on the public docket. *See, e.g.* Amended *Ex Parte* Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 and Memorandum of Law in Support at 1 n.1, 1:12-mc-24515-FAM (S.D. Fla. Feb. 5, 2013) (Doc. 7) ("On the first issue, Applicant filed the petition *ex parte*, which is the common procedure for section 1782 petitions. … Notably, Pott did not request here that the petition be filed under seal; the Clerk of the Court did so *sua sponte*. At this Court's request, Pott re-files the petition on the public docket."); Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018). *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."); *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan,* 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009).

1

Letter of Request from judicial authorities in Buenos Aires, Argentina for international judicial assistance to obtain bank records from Banco Santander International.

## INTRODUCTION

The request for international judicial assistance comes from National Court of First Instance in Civil Matters No. 100 in Buenos Aires, Argentina, ("Argentine Court"). Specifically, the Argentine Court issued a Letter of Request seeking assistance to obtain bank records for use in the *Matter of Genoveva del Carmen Sobre Rodriguez*, Foreign Reference Number 1873/2018. *See* Declaration of Trial Attorney Krysta M. Stanford, ¶ 2 & Ex. 1 [hereinafter Stanford Decl.] (Letter of Request received by the Office of International Judicial Assistance on January 17, 2024).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Argentine Court is adjudicating the intestate succession proceeding of Rodriguez Genoveva Del Carmen. In order to make its determination, the Court is requesting bank account information such as account statement and a detailed report about balance and movements being registered from July 8, 2016 to present of the specified account at Banco Santander International, located in Miami, Florida.

The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention]. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

**ARGUMENT**

I.      **THE HAGUE EVIDENCE CONVENTION**

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague 1970 Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited February 2, 2024) (The Hague Evidence Convention entered into force in Argentina on July 7, 1987).

When executing a Letter of Request, the Hague Evidence Convention requires a Requested Authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence

Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."). *See also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").

## II. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

Section 1782 authorizes a district court to order the testimony or statement or the production of a document or thing from a person who "resides or is found" in that district "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). Such orders include those requested by a foreign or international tribunal and may direct that the testimony, statement, document, or thing "be produced before a person appointed by the court." *Id.* Following a § 1782 appointment, "the person appointed has power to administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.*

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. &*

4

*Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, Banco Santander International "resides or is found in" the Southern District of Florida because the company's subpoena processing center is located in Miami, Florida.[2] Second, the Letter of Request explains that the documents are "for use in a proceeding before a foreign tribunal" as these bank records are needed for use in the adjudication of the intestate succession proceedings of Rodriguez

---

[2] When executing requests for financial records, the Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

Genoveva Del Carmen. *See* Stanford Decl., Ex. 1. Third, the Letter of Request is made by the Argentine Court, *id.*, which is a "foreign or international tribunal," 28 U.S.C. § 1782(a).

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals and attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Argentine Court.

6

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Banco Santander International is not a party to the proceedings and the evidence held by Banco Santander International appears to be outside the jurisdictional reach of the Argentine Court because Banco Santander International is physically located in Miami, Florida and the Argentine Court has formally requested the assistance of the United States pursuant to the Hague Evidence Convention.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Argentine Court or the character of the proceedings. Additionally, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court. Thus, the second factor weighs in favor of granting the motion. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo.

2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure.).

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentine discovery rules or to thwart policies of either the United States or Argentina. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). While the records and information sought by the Argentine Court are held by a United States financial institution, the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401-22, does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782). Therefore, the third *Intel* factor weighs in favor of granting the Argentine Court's request for judicial assistance.

And with respect to the fourth factor, the request seeks specific information regarding a specified bank account for a discrete period of time, and therefore would not be unduly intrusive or burdensome. Bank account records are items commonly maintained electronically by banks and routinely subpoenaed, and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."); *In re Application of MTS Bank,* No. 17-21545-MC, 2017

WL 3276879, at *13 (S.D. Fla. Aug. 1, 2017) (holding "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden.") (internal quotations removed). *See also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in a foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts."). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Argentine Court.

## CONCLUSION

Attached to the Declaration of Trial Attorney Krysta M. Stanford is the proposed redacted subpoena that this office intends to serve (in substantially similar format) on Banco Santander International should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). *See* Stanford Decl., Ex. 1. We respectfully request that the Court order Banco Santander International to produce the documents directly to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance (OIJA) for transmission to the National Court of First Instance in Civil Matters No. 100 in Buenos Aires, Argentina. 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure … for … producing the document. . . .").

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Department of Justice Trial Attorney Krysta M. Stanford Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated: February 7, 2024							Respectfully submitted,

                                                  MARKENZY LAPOINTE
United States Attorney

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division, United States Department of Justice

ADA BOSQUE
Acting Director, Office of Foreign Litigation
Civil Division, United States Department of Justice

By:	/s/ Krysta M. Stanford
	KRYSTA M. STANFORD
	Trial Attorney
	U.S. Department of Justice, Civil Division
	Office of Foreign Litigation
	Office of International Judicial Assistance
	1100 L Street, NW, Room 8024
	Washington, D.C. 20530
	Special Bar ID: A5503146
	Telephone: 202-353-2148
	Email: Krysta.M.Stanford@usdoj.gov